UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-62469-CIV-COHN/SELTZER

IGONE ARGOITIA, on her own behalf and
other similarly situated,

    Plaintiff,

vs.

C & J SONS, LLC, JOSE VARELA,
individually, and CLARA VILLAMARIN,
individually,

    Defendants.
_____/

## ORDER

**THIS CAUSE** is before the Court on Defendants' Motion to Vacate Clerk's Default [DE 29] ("Motion"), in which Defendant Villamarin also moves to quash service of process. The Court has carefully considered the Motion, Plaintiff's Response [DE 31], the record in this case, and is otherwise fully advised in the premises. For the reasons below, Defendants' Motion is denied.

**I. Background**

Plaintiff commenced this action against Defendants for overtime compensation and minimum wage under the Fair Labor Standards Act on November 11, 2013. DE 1. On February 26, 2014, Plaintiff filed an affidavit attesting that each Defendant was served with process on February 10, 2014. DE 12. Defendants' responses to the complaint were thus due on March 3, 2014. Defendants, however, did not file any timely responses. As a result, the Clerk of Court entered defaults against Defendants

1

on March 7, 2014.  DE 17.  On April 25, 2014, Defendants moved to vacate the defaults.  DE 29.  Plaintiff opposes the Motion.  DE 31.

## II. Discussion

### A. Motion to Vacate Defaults

"It is the general rule that default judgments are ordinarily disfavored because cases should be decided upon their merits whenever reasonably possible."  Creative Tile Marketing, Inc. v. SICIS Intern., S.r.L., 922 F. Supp. 1534, 1536 (S.D. Fla. 1996).  A court may set aside a clerk's default for good cause shown.  Fed. R. Civ. P. 55(c); see also Compania Interamericana Export–Import, S.A. v. Compania Dominicana de Avacion, 88 F. 3d 948, 951 (11th Cir. 1996).  "'Good cause' is a mutable standard, varying from situation to situation.  It is also a liberal one—but not so elastic as to be devoid of substance."  Id.  To determine whether good cause exists, the Court considers "whether the default was culpable or willful, whether setting it aside would prejudice the adversary, and whether the defaulting party presents a meritorious defense." Id.

#### 1. Whether the default was culpable or willful.

First, Defendants contend that their default was not willful.  As support, Defendant Jose Varela, who accepted the papers on behalf of the Defendants, explains in his Declaration[1]:

> On February 10, 2014, at the same time that an individual came to my house and asked for my mother, this person asked for me as well and gave me papers addressed to myself and my company that were dated November 8, 2013, which contained a 21-day warning.  I was confused about this 21-day warning because I originally thought that it had expired,

---

[1] In opposing Defendants' Motion, Plaintiff initially argued that the Motion was not supported by competent evidence.  While this may have been true at the time of filing, Defendants have since filed competent evidence in support of their Motion.  See DE 32-33.

2

> since I received the papers on February 10, 2014, about 3 months after the November date.  I have never been sued before and I thought that a lawsuit would come from some type of uniformed officer like a police officer.  The person who provided me a copy of the lawsuit was not uniformed and did not show me any identification.  That being the case, I thought that the papers that he gave me were fake or not official, especially since the papers were dated back in November.  Also, I did not think that a response to the papers was required because the restaurant was out of business.

DE 32-1 ¶ 7.  Consequently, it was not until April 3, 2014, when the same process server returned to serve a subpoena for a deposition in an unrelated matter that he realized the gravity of the situation.  Id. ¶ 8.  Defendants then immediately proceeded to find an attorney to represent them in this action.  Id.  In light of these circumstances, Defendants contend that their defaults were not willful.

Plaintiff, however, views things differently.  She argues that Defendant Jose Varela clearly received the summons and the complaint, read it and understood that there was a 21-day deadline to respond, but then failed to do so.  Response at 4-5.  This behavior, in her view, exhibits an "intentional or at least reckless disregard" for this proceeding such that the Court should deny Defendants' Motion.  Id.

The Court cannot agree.  While the Court does not condone Defendant Jose Varela's behavior, he does declare under penalty of perjury that he was confused by the 21-day warning because he thought the deadline had already expired since the papers were dated November 8, 2013, and he did not receive them until February 10, 2014.  He further attests that he believed the papers were "fake or not official" because they had been served by a plain-clothed

3

individual, as opposed to a uniformed officer, and that the individual did not show him any identification. And, as soon as he realized the gravity of the situation, he acted promptly to retain counsel to move to vacate the defaults. In light of these sworn statements, and the general rule that defaults are generally disfavored, the Court finds that while Defendants' actions may have been negligent, they did not rise to the level of intentional or reckless disregard for this proceeding.

### 2. Whether setting aside the default would prejudice Plaintiff.

Second, Defendants argue that Plaintiff would not be prejudiced by the setting aside of the defaults. Defendants contend that Plaintiff will still be able to pursue her claims, engage in discovery, and present her case. Plaintiff, however, contends that she would be prejudiced because she has "incurred attorneys' fees and costs due to numerous hours spent on motion practice." Response at 2. The Court disagrees. Increased litigation expenses do not qualify as actual prejudice that would justify the denial of relief under Federal Rule of Civil Procedure 55(c). See Gagnon v. Fortner, No. 12–60478–CV, 2012 U.S. Dist. LEXIS 117868, at *22–23 (S.D. Fla. Aug. 21, 2012) (finding that increased expense of litigation is not "actual prejudice") (citing Burrell v. Henderson, 434 F.3d 826, 835 (6th Cir. 2006) ("Delay in adjudicating a plaintiff's claim does not qualify as sufficient prejudice under Rule 55. Instead, [a plaintiff] would have to show that the delay would result in a loss of evidence, increased opportunities for fraud, or discovery difficulties.")). Accordingly, the Court finds no indication that setting aside the defaults at this juncture would prejudice Plaintiff in prosecuting this matter.

### 3. Whether Defendants present a meritorious defense.

Third, Defendants contend that they have "several" meritorious defenses to Plaintiff's claims. However, aside from moving to quash service of process on Defendant Villamarin, Plaintiff points out that Defendants do not articulate any other alleged defenses. Without any indication as to what defenses Defendants may have to Plaintiff's claims, the Court cannot determine whether they are potentially meritorious or not. The Court, therefore, agrees with Plaintiff that Defendants have failed to meet their burden of presenting meritorious defenses.

### B. Defendant Villamarin's Motion to Quash Service of Process.

Finally, Defendant Villamarin also moves to quash service of process. As grounds, Defendant Villamarin argues that service of process was insufficient because, although the papers were delivered to her son at 10851 N.W. 75th Street, Doral, Florida 33178, that property is only an "investment" property and not her "dwelling or usual place of abode" within the meaning of Federal Rule of Civil Procedure 4(e)(2)(B).

When a defendant challenges service of process, the plaintiff has the burden of showing a *prima facie* case of proper service. Hollander v. Wolf, No. 09-CV-80587, 2009 U.S. Dist. LEXIS 101446, at *7 (S.D. Fla. Oct. 9, 2009). A signed return of service is *prima facie* evidence of proper service. Id. (citations omitted). If a plaintiff makes a *prima facie* showing, the burden then shifts to the defendant to bring "strong and convincing" evidence of insufficient service. Id. (citation omitted). When a defendant supports her motion to quash with affidavits, the plaintiff is permitted to submit counter-affidavits, depositions, or oral testimony. Id. (citations omitted).

5

In this case, Plaintiff established a *prima facie* case of proper service on Defendant Villamarin by filing a return of service signed by the process server, Glenville Smith.  DE 11.  In response, Defendant Villamarin filed a declaration that she resides in Venezuela and that, while she is the co-owner of 10851 N.W. 75th Street, Doral, Florida 33178, where her son lives, that property is only an "investment."  DE 32-2.  She also filed a declaration from her son that:

> On the morning of February 10, 2014, someone came to my house and asked for my mother.  I advised this person that my mother was not here and that she was in Venezuela.  The person then left papers with me and said: I need to drop this off here I don't care.

DE 32-1.  Plaintiff, for her part, filed a declaration from the process server, Glenville Smith, that "Jose Varela advised that he and [Defendant] Villamarin (his mother) did reside at that location" and that "Jose Varela agreed to accept service on his own behalf and on behalf of C & J Sons, LLC and [Defendant] Villamarin."  DE 31-1.

Based on this record evidence, the Court finds that Defendant Villamarin has failed to meet her burden of showing "strong and convincing" evidence to rebut Plaintiff's *prima facie* case of proper service.  Although Defendant Villamarin swears that she does not reside at the property, she is a co-owner of it and her son does live there.  She also appears to visit the property with some frequency.  See DE 33-1.  Moreover, a disinterested witness, Mr. Smith, swears that her son, Defendant Varela, told him she did reside at the property and specifically accepted service on her behalf.  Given that courts are to construe service "liberally" in such circumstances to "'to effectuate service where actual notice of the suit has been received by the defendant,'" Hollander, 2009 U.S. Dist. LEXIS 101446 at *6 (citations omitted), the Court finds that Defendant Villamarin was served with process in this case.   See also National Dev. Co.

6

<u>v. Triad Holding Corp.</u>, 930 F.2d 253 (2d Cir. 1991) (holding that one of several houses throughout the world among which the defendant divided his time constituted a "dwelling" for purpose of service of process, regardless of the facts that it was not the defendant's principal domicile and that he spent comparatively little time there).

For all these reasons, it is hereby **ORDERED AND ADJUDGED** that Defendants' Motion to Vacate Clerk's Default [DE 29] is **DENIED without prejudice**. Defendants may renew their motion to vacate the defaults **no later than May 9, 2014.** If Defendants do so, Plaintiff shall file her response to the Motion **no later than May 12, 2004**. Defendant Villamarin's motion to quash service of process is **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 6th day of May, 2014.

_____
JAMES I. COHN
United States District Judge

Copies provided to counsel of record via CM/ECF.