UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-62469-CIV-COHN/SELTZER

IGONE ARGOITIA, on her own behalf and
other similarly situated,

    Plaintiff,

vs.

C & J SONS, LLC, JOSE VARELA,
individually, and CLARA VILLAMARIN,
individually,

    Defendants.

_____/

## ORDER GRANTING DEFENDANTS' MOTION TO VACATE DEFAULTS

**THIS CAUSE** is before the Court on Defendants' Renewed Opposed Motion to Vacate Clerk's Default [DE 36] ("Motion"). The Court has carefully considered the Motion, Plaintiff's Response [DE 37], the record in this case, and is otherwise duly advised in the premises. For the reasons below, Defendants' Motion is granted.

**I. Background**

Plaintiff commenced this action against Defendants for overtime compensation and minimum wage under the Fair Labor Standards Act ("FLSA") on November 11, 2013. DE 1. On February 26, 2014, Plaintiff filed an affidavit attesting that each Defendant was served with process on February 10, 2014. DE 12. Defendants' responses to the Complaint were thus due on March 3, 2014. But Defendants did not file any timely responses. As a result, the Clerk of Court entered defaults against Defendants on March 7, 2014. DE 17.

On April 25, 2014, Defendants moved to vacate the defaults.  DE 29, 31.  The Court, however, denied Defendants' motion without prejudice to renew solely because Defendants had failed to present *any* meritorious defenses.[1]  See DE 34.  Accordingly, Defendants have now filed a renewed motion to vacate the defaults, which sets forth various alleged meritorious defenses and attaches a copy of their proposed Answer to the Complaint.  Plaintiff opposes the Motion.

**II. Discussion**

    **A.  Renewed Motion to Vacate Defaults**

"It is the general rule that default judgments are ordinarily disfavored because cases should be decided upon their merits whenever reasonably possible."  Creative Tile Marketing, Inc. v. SICIS Intern., S.r.L., 922 F. Supp. 1534, 1536 (S.D. Fla. 1996).  A court may set aside a clerk's default for good cause shown.  Fed. R. Civ. P. 55(c); see also Compania Interamericana Export–Import, S.A. v. Compania Dominicana de Avacion, 88 F. 3d 948, 951 (11th Cir. 1996).  "'Good cause' is a mutable standard, varying from situation to situation.  It is also a liberal one—but not so elastic as to be devoid of substance."  Id.  To determine whether good cause exists, the Court considers "whether the default was culpable or willful, whether setting it aside would prejudice the adversary, and whether the defaulting party presents a meritorious defense."  Id.  In the end, however, "[t]he Court is vested with considerable discretion in ruling on a motion to set aside an entry of default."  In re Fortner, No. 12–60478, 2012 WL 3613879, at *7 (S.D. Fla. Aug.21, 2012) (citing Robinson v. U.S., 734 F.2d 735, 739 (11th Cir. 1984)).

---

[1] At the same time, the Court found that Defendants had shown that their defaults were not culpable or willful and that setting them aside would not prejudice Plaintiff.  See DE 34.

At this juncture, because the Court has already found that Defendants' defaults were not culpable or willful and that setting them aside would not prejudice Plaintiff, see DE 34, the only question is whether Defendants present a meritorious defense. According to Defendants, their meritorious defenses include [1] that the FLSA does not apply in this case (i.e., so-called "coverage defenses"), [2] that even if the FLSA does apply, Plaintiff fell under the "executive exemption," [3] that Plaintiff did not work more than 40 hours per week, and [4] that Plaintiff did not calculate her regular rate correctly. See Motion [DE 36] at 3-6.  In addition to these defenses, Defendants have also filed a proposed Answer as an exhibit to their Motion, which contains additional defenses such as the statute of limitations. Id. at Ex. 2.

In response, Plaintiff argues that Defendants have failed to meet their burden of presenting meritorious defenses.  The problem, in Plaintiff's view, is that Defendants have not proffered any evidence suggesting any likelihood of success on their alleged defenses.[2]  Response at 3-5.  The likelihood of success, however, is not the correct measure for determining whether Defendants present a meritorious defense to warrant vacating the defaults.  Rodriguez v. Brim's Food, Inc., No. 13-cv-20600, 2013 WL 3147348, at *3 (S.D. Fla. June 19, 2013) ("With regard to a meritorious defense, the '[l]ikelihood of success is not the measure.'") (citations omitted).  Rather, the proper

---

[2] Plaintiff relies on the wrong standard in arguing that Defendants have failed to present meritorious defenses.  Indeed, Plaintiff cites Eleventh Circuit precedent stating that, to establish a meritorious defense to warrant vacating a *default judgment*, a defendant "must make an affirmative showing of a defense that is likely to be successful." In Re Worldwide Web Systems, Inc., 328 F.3d 1291, 1296 (11th Cir. 2003).  While that is the correct standard for vacating a *default judgment*, it is not the proper standard for vacating a *default.* See Fed. R. Civ. P. 55(c) ("The court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b).").

3

measure is whether Defendants have provided by "clear statements" a "hint of a suggestion" that their defenses have merit.  Id. (citations omitted).

Based on the clearly articulated defenses set forth above, the Court finds that Defendants have provided, at a minimum, a "hint of a suggestion" that their defenses have merit.  Accordingly, the Court is satisfied that Defendants have met their ultimate burden of showing that good cause exists to vacate the defaults.

### B.  Plaintiff's Request for Attorney's Fees and Costs

Finally, Plaintiff also argues that she is entitled to attorney's fees and costs as the so-called "prevailing plaintiff" under 29 U.S.C. § 216(b) of the FLSA.  Response at 5.  Specifically, Plaintiff contends that she "prevailed in the entry of default against Defendants, as well as prevailed in Defendants' first motion to vacate and motion to quash."  Id.  Contrary to Plaintiff's contention, however, the FLSA's "prevailing plaintiff" provision does not award attorney's fees and costs on a per-motion basis.  Rather, the provision only applies upon the entry of a "judgment" in favor of the plaintiff.  See § 216(b) ("The court in [an FLSA] action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action.").  Plaintiff's request for attorney's fees and costs at this juncture, therefore, is denied.

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** as follows:

(1) Defendants' Renewed Opposed Motion to Vacate Clerk's Default [DE 36] is **GRANTED**;

(2) the Clerk's defaults against Defendants are **VACATED**;

4

(3) Defendants shall file and serve their responses to the Complaint no later than **May 23, 2014**;

(4) the upcoming Calendar Call and Trial is **STRICKEN** from the Court's calendar. A new scheduling order will be issued shortly; and

(5) Plaintiff's Motion for Default Final Judgment [DE 26] and Plaintiff's Verified Motion for Attorney's Fees and to Tax Costs [DE 27] are **DENIED AS MOOT**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 13th day of May, 2014.

_____
JAMES I. COHN
United States District Judge

Copies provided to counsel of record via CM/ECF.